C(M D|F
CI

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
________________________________X

ROBERT HUMBERT,

Petitioner,

-against-

06 CV 3557 (SJF)

L. PAYANT, Superintendent,

**OPINION & ORDER**

Respondent.
________________________________X

FEUERSTEIN, J.

Petitioner *pro se* Robert Humbert ("petitioner" or "Humbert") brings this proceeding pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. For the reasons stated below, Humbert's petition for habeas corpus is denied and dismissed.

I. Factual Background

On January 16, 2002, at approximately 10:20 p.m., petitioner was a passenger in a car with co-defendant Claudia Frean ("Frean") in Queens, New York. (Huntley/Mapp Hearing, dated Jan. 17, 2003 ["HH"], at 8-9). Officers DeViccaro and Pellegrino approached the car which was illegally parked at a bus stop. (Id. at 9-10). DeViccaro smelled marijuana upon approaching (id. at 12), and, after asking Frean and petitioner to exit the vehicle, DeViccaro saw "a bag of cocaine and small bags of marijuana" between the passenger and driver seats. (Id. at 14-15). The defendants were arrested and at the station house, DeViccaro overheard petitioner repeatedly saying to Frean: "Say it's yours. My mother will bail you out. I'll make love to you later." (Id. at 18, 31).

Petitioner was indicted by a Queens County Grand Jury for one (1) count of Criminal Possession of a Controlled Substance in the Third Degree and one (1) count of Unlawful Possession of Marijuana. A motion to suppress the statements and the drugs was denied after a hearing. (Id. at 71-73). Petitioner pled guilty to one (1) count of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16(12)) and was promised a sentence of four and one-half (4 ½) to nine (9) years imprisonment, the minimum permissible legal sentence. (Guilty Plea Hearing, dated Mar. 12, 2003). Frean also pleaded guilty on the same date. (Id.).

On October 27, 2003, prior to sentencing, petitioner filed a *pro se* motion to withdraw his guilty plea alleging that he had not been advised that a period of post-release supervision would follow the promised sentence. On October 31, 2003, the court denied the motion because the defendant did not plead guilty to an offense which carried a mandatory period of post-release supervision. On November 5, 2003, petitioner was sentenced as a second felony offender to a term of four and one-half (4 ½) to nine (9) years imprisonment.

II. Procedural History

Paul Laisure, Esq., submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that "no non-frivolous issues" were presented on the appeal and requested to withdraw as petitioner's counsel. (See Brief for Defendant-Appellant, dated Jan. 20, 2005 ["Appellant Brief"], at 11-12). In his Anders brief, Laisure specifically addressed the suppression hearing, the guilty plea and the sentence and concluded that the claims would be frivolous on appeal. Petitioner did not file a *pro se* supplemental brief. On May 2, 2005, the Appellate Division affirmed petitioner's conviction, stating that "[w]e have reviewed the record

and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal." People v. Humbert, 18 A.D.3d 479, 793 N.Y.S.2d 771 (2d Dep't 2005). Petitioner then filed a *pro se* application for leave to appeal the Appellate Division's decision to the New York Court of Appeals, claiming: (1) the tangible evidence and statements should have been suppressed; (2) trial and appellate counsel were ineffective for failing to appeal the denial of suppression; (3) Officer Deviccaro's testimony was "incredible"; and (4) trial counsel was ineffective for failing to move to dismiss the indictment after Frean admitted she alone possessed the drugs. (See Application for a Certificate Granting Leave to Appeal, dated June 3, 2005). On July 20, 2005, the Court of Appeals denied leave to appeal. People v. Humbert, 5 N.Y.3d 790, 835 N.E.2d 670, 801 N.Y.S.2d 810 (2005).

Petitioner's current application claims: (1) ineffective assistance of trial counsel; and (2) prosecutorial misconduct. (Petition for Writ of Habeas Corpus, filed July 17, 2006 ["Petition"]; Petitioner's Memorandum of Law, filed July 17, 2006). On November 15, 2006, petitioner requested that his habeas petition be held in abeyance pending a petition for a writ of error *coram nobis* in state court. (See Petitioner's Motion, filed Nov. 15, 2006). For the reasons stated below, petitioner's application to stay this proceeding is denied.

## III. Discussion

### A. Jurisdictional Requirements

#### i. Timeliness

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. See 28 U.S.C.

§2244(d)(1). In Lindh v. Murphy, 521 U.S. 320 (1997), the Supreme Court held that AEDPA, which imposes a one-year statute of limitations on habeas corpus petitions, applies prospectively to "the general run of habeas cases" that are "filed after the date of the Act." Lindh, 521 U.S. at 327; see also Boria v. Keane 90 F.3d 36, 37-38 (2d Cir. 1996) (per curiam). AEDPA states in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1). Humbert filed his petition on July 17, 2006, well after the effective date of the Act. Since, according to Lindh, AEDPA provisions apply, including the one-year statute of limitations, the court must calculate one year from the latest of the dates provided for in 28 U.S.C. § 2244(d). A conviction becomes "final" under AEDPA when the highest state court concludes its direct review or when the time to seek direct review in the United States Supreme Court by writ of certiorari expires (which is ninety (90) days after entry of the judgment of conviction or of the order denying discretionary review). See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).

Petitioner appealed the judgment of conviction to the Appellate Division, Second Department, which denied his claims on May 2, 2005. The New York Court of Appeals denied his application for leave to appeal on July 20, 2005 and the judgment of conviction became "final" ninety (90) days later, on October 18, 2005. Petitioner filed his petition on July 17, 2006, within the one-year statutory period. The petition is therefore timely.

ii. Exhaustion and Procedural Bar

A federal court may not consider the merits of a claim unless that claim was "fairly presented" to the highest state court from which a decision can be had. Rosa v. McCray, 396 F.3d 210, 217 (2d Cir. 2005). The exhaustion of state remedies is required by 28 U.S.C. § 2254 (b) and (c), which provide as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that--
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). To present a federal claim to the state courts, a petitioner need not cite "chapter and verse of the Constitution," but may instead rely on federal constitutional precedents, claiming a "deprivation of a particular right specifically protected by the Constitution" or cite state precedent that "employs pertinent constitutional analysis." Daye v. Attorney Gen. of New

York, 696 F.2d 186, 193-94 (2d Cir. 1982).

Although petitioner raised two claims of ineffective assistance of counsel in his application for leave to appeal to the Court of Appeals, he did not raise the specific claims of ineffective assistance presented in this petition. See Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994). However, unexhausted claims are deemed exhausted if the petitioner no longer has any remedy available in the state courts. Gray v. Netherland, 518 U.S. 152, 161 (1996). When the "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," federal habeas courts deem the claims procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

Therefore, petitioner's unexhausted claims are procedurally barred unless he can articulate cause for the default and resulting prejudice or a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. A petitioner may establish cause by showing "that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials . . . made compliance impracticable." Id. at 753 (internal citations and quotations omitted). To satisfy the prejudice requirement, the alleged error must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Torres v. Senkowski, 316 F.3d 147, 152 (2d Cir. 2003) (quotations and citations omitted).

A petitioner may "bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Dunham v. Travis,

313 F.3d 724, 730 (2d Cir. 2002) (citing Schlup v. Delo, 513 U.S. 298, 321 (1995).

B. Ineffective Assistance of Trial Counsel Claims

Petitioner argues that counsel was ineffective for failing to: (1) "timely prepare petitioner and the alibi witness" for the grand jury; (2) challenge the police stop, "press for a[] suppression hearing," or argue that Officer DeViccaro's testimony at the hearing was incredible; (3) seek recusal of the trial judge because of the judge's "personal prejudice against petitioner"; and (4) preserve these issues for appellate review. (See Petition at attached pages). Since this is the first time petitioner has raised these issues and there was nothing preventing petitioner from raising these claims on direct appeal, his failure to raise them on appeal now precludes him from raising them on any further state collateral proceeding. See N.Y. Crim Proc. Law § 440.10(2)(c). Petitioner has not shown cause for and prejudice from this failure or that it resulted in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 731-32. Thus, the claims are procedurally defaulted and cannot provide a basis for habeas relief.

i. Grand Jury

Even if petitioner's claim regarding the grand jury was not procedurally barred from review, any non-jurisdictional defects are waived. As the Supreme Court has held:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). A defendant "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was

not within [acceptable] standards . . . " Id. Therefore, a petitioner may not assert pre-plea constitutional violations bearing on the facts underlying his guilt. United States v. Gregg, 463 F.3d 160, 164 (2d Cir. 2006) (citing Tollett, 411 U.S. at 266).

Moreover, the Second Circuit has held that "a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir. 1989). See Jordan v. Dufrain, No. 98 Civ. 4166 (MBM), 2003 U.S. Dist. LEXIS 5144, at *8-9 (S.D.N.Y. Apr. 2, 2003) (concluding that the petitioner had "admitted his guilt when he entered his guilty plea, and thus any errors in the grand jury proceedings were rendered harmless") (citing, inter alia Alston v. Ricks, No. 01 Civ. 9862 (GWG), 2003 U.S. Dist. LEXIS 38, at *20 (S.D.N.Y. Jan. 7, 2003) ("[A] guilty plea extinguishes the ability of a habeas petitioner to raise a claim regarding misconduct before a grand jury.")); Ballard v. Costello, No. 01 Civ. 1000 (FB), 2001 U.S. Dist. LEXIS 18596, at *2 (E.D.N.Y. Nov. 2, 2001) ("Ballard's guilty pleas cured any possible deficiencies in the grand jury proceedings."); Lloyd v. Walker, 771 F. Supp. 570, 576-77 (E.D.N.Y. 1991) ("Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any error in the proceeding which led to his indictment is, as Lopez v. Riley, 865 F.2d 30 (2d Cir. 1989) teaches, rendered harmless, and is not a cognizable claim in a federal habeas proceeding."). Further, the right to testify before a grand jury in New York derives exclusively from state law and is not of constitutional dimension; therefore, it is not cognizable in a habeas proceeding. See United States v. Williams, 504 U.S. 36, 52 (1992).

ii. Suppression Hearing

Even if petitioner's claim regarding the suppression hearing was not procedurally barred

from review, any non-jurisdictional defects are waived. Petitioner's appellate counsel addressed the suppression hearing claim in his Anders brief, ultimately deciding an appeal on that basis would be frivolous. (Appellant Brief at 9). The Appellate Division considered the claim and agreed with petitioner's counsel. Therefore, to the extent that this claim is considered exhausted (see Basnight v. Keane, 99 CV 4826, 2000 U.S. Dist. LEXIS 10940, at *9-10 (E.D.N.Y. Aug. 1, 2000)), it is nonetheless waived by petitioner's valid guilty plea. See United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) (declining to address the merits of an ineffective assistance of counsel claim that counsel failed to call certain witnesses at a pretrial suppression hearing because it occurred prior to defendant's valid guilty plea).

A review of the record indicates that Humbert's plea was voluntary and intelligent and petitioner does not challenge the voluntary and intelligent character of his guilty plea. Therefore, the Appellate Division's decision was neither "contrary to" or an "unreasonable application of" clearly established federal law.[1]

---

[1] When the state court has rejected the petitioner's claim on the merits, a federal court considering a habeas corpus petition under 28 U.S.C. § 2254, as amended by AEDPA, must defer to the state court's rejection of the claim, and must deny the writ unless the state-court adjudication (1) "was contrary to," or (2) "involved an unreasonable application of," clearly established federal law "as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Williams v. Taylor, 529 U.S. 362, 367 (2000); Henry v. Poole, 409 F.3d 48, 67 (2d Cir. 2005).

In Williams, the Court held that "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." 529 U.S. at 413. The Second Circuit has concluded that an "objectively unreasonable" application of Supreme Court precedent falls somewhere between "merely erroneous and unreasonable to all reasonable jurists." Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000). A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives" at a different conclusion. Williams, 529 U.S. at

iii. Trial Judge Bias

Even if petitioner's claim regarding the trial judge was not procedurally barred from review, the claim is meritless. Petitioner's appellate counsel addressed the guilty plea hearing in his Anders brief and stated that an appeal on that basis would be frivolous. (Appellant Brief at 8). The Appellate Division considered the claim and agreed with petitioner's counsel. To the extent that this claim is considered exhausted, but not procedurally barred, it is meritless. Co-defendant Frean did not implicate petitioner during the guilty plea hearing, but merely stated that petitioner was in the car with her. (See Guilty Plea Hearing at 8). Further, petitioner was not prejudiced by a failure to object because he does not allege that he would not have pleaded guilty but for Frean's statements during her plea. Petitioner cannot show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The Appellate Division's decision was neither "contrary to" or an "unreasonable application of" clearly established federal law.

C. Prosecutorial Misconduct

Petitioner alleges that he was denied due process of law when the prosecutor withheld "exculpatory evidence" by failing to present Sergeant Pellegrino ("Pellegrino") at the grand jury or suppression hearing. (Petition at attached pages). Petitioner contends that Pellegrino would have testified that, on the night of the incident, he heard co-defendant Frean admit that the drugs found in the car belonged to her.

---

405. "If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail." Id. at 389.

Petitioner failed to exhaust this claim in state court and he has not shown cause for and prejudice from this failure or that it resulted in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 731-32. Further, to the extent that this claim is considered exhausted by the Anders brief, it is meritless. Any suggestion that petitioner did not possess the drugs is undermined by his voluntary plea allocution in which he admits to possessing drugs inside the car. (Guilty Plea Hearing at 18-19). Thus, this claim is procedurally defaulted and waived and cannot provide a basis for habeas relief.

D. Ineffective Assistance of Appellate Counsel

Petitioner alleges that appellate counsel was ineffective for failing to raise the prosecutor's failure to communicate petitioner's request to present defense witnesses to the grand jury. (Petitioner's Motion, filed Nov. 15, 2006). Petitioner seeks to amend his petition to include this claim and requests that these proceedings be stayed to permit him to exhaust this claim. The motion is denied as this claim is meritless. See Rhines v. Weber, 544 U.S. 269, 277 (2005) ("[E]ven if a petitioner had good cause for that failure [to present his claims first in state court], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Petitioner's guilty plea waived this claim. See Lloyd, 771 F. Supp. at 576-77 ("Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any error in the proceeding which led to his indictment is, as Lopez teaches, rendered harmless, and is not a cognizable claim in a federal habeas proceeding."). Further, the Appellate Division affirmed

petitioner's conviction, stating that "[w]e have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal." People v. Humbert, 18 A.D.3d 479, 793 N.Y.S.2d 771 (2d Dep't 2005). Petitioner cannot show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 688, 694. In fact, petitioner's appellate counsel acted reasonably in filing an Anders brief, as non-frivolous issues warranting appeal do not appear from the record. Therefore, this claim is without merit and petitioner's application to hold his habeas petition in abeyance pending exhaustion is denied.

IV. Conclusion

For the reasons set forth above, Humbert's petition for a writ of habeas corpus is denied in its entirety. No certificate of appealability is granted with respect to any of petitioner's claims because the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

IT IS SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: December 27, 2006
Brooklyn, NY

Copies to:

Robert Humbert
03R5830
Mohawk Correctional Fac.
PO Box 8451
Rome, NY 13442-8451

Chelsea Helene Chaffee
New York State Attorney General
120 Broadway
New York, NY 10271

John M. Castellano
Queens County DA's Office
125-01 Queens Boulevard
Appeals Bureau
Kew Gardens, NY 11415